# Bonner *versus* Herrick et al.

1. A vendee of land under articles of agreement who has been deceived by fraudulent misrepresentations of the vendor as to the number and amount of the liens upon the land, and whose vendor is unable to make to him a good and sufficient deed by reason of the existence of such liens, is not obliged to apply the purchase money on account of said liens where the amount thereof exceeds the amount of such purchase money. He may in such case elect to rescind the contract.

2. Where a party to an agreement for the exchange of lands is in the position above described, he is entitled to demand from the other party an unconditional release of the liens on the premises for which he has contracted. In case of failure on the part of said party to procure said release the party defrauded is at liberty to rescind the contract of exchange and to resume possession of the premises originally owned by him.

3. A release of liens conditioned on the performance by the defrauded party of his contract of exchange is not such an unconditional release as said party is bound to accept.

4. Where such release is tendered after the defrauded party has elected to rescind and resumed possession of his own land and immediately before the land for which he has contracted is to be sold under an execu-

[Bonner v. Herrick.]

tion issued upon one of the liens, the tender is too late and need not be accepted.

5. It is not error for the court to comment on the evidence, or to express an opinion on the weight thereof, if the facts are left to the jury.

November 21st 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1881, No. 113.

Ejectment by John Bonner against Charles A. Herrick, Daniel Herrick and George Herrick, for seventy-five acres of land in the townships of Cambridge and Rockdale.

On the trial, before CHURCH, P. J., the facts of the case appeared to be as follows:—On May 4th 1876 the plaintiff Bonner, being the owner of a certain hotel known as the Bonner house in the borough of Cambridge, and the defendant Charles A. Herrick, being the owner of the farm in controversy, entered into articles of agreement for the exchange of their properties. It was by said articles agreed that each party should make to the other a good and sufficient deed, and further, that Herrick should pay to Bonner the sum of $1,200, that being the agreed difference in value between the properties.

Both parties, in pursuance of the articles of the agreement took immediate possession of the properties, which they had acquired thereunder: the plaintiff Bonner of the farm, the defendant Herrick of the hotel. On March 17th 1877 Herrick, having elected to rescind the contract, vacated the hotel and took possession again of his own farm, whereupon Bonner on December 11th 1877 brought the present action of ejectment.

Herrick, in order to justify his rescission of the contract, gave evidence to show that he had been induced to enter into the articles of agreement by false representations on the part of Bonner as to the value of the hotel, the receipts thereof, the size of the lot and the amount of the liens thereon, all which allegations were denied by Bonner. He also claimed that Bonner was unable to give him a good and sufficient deed by reason of the liens entered up against the hotel premises.

There was evidence to show that Bonner at the time of the contract stated to Herrick that there were no liens on the hotel property except one for $700 held by Mrs. Bishop. As a matter of fact, there were other liens amounting in all to $10,000. These liens exceeded in amount the value of all the real estate owned by Bonner and so continued up to the time of trial.

Bonner introduced evidence to show that Herrick had specially agreed to pay off the Bishop judgment as part of the $1,200 payable by him, and contended that even if there was no such special agreement, Herrick was bound to apply a part of

[Bonner *v.* Herrick.]

the $1,200 in this manner. He also proved that after the issuing of execution on said judgment, viz., in July 1877, he had tendered a deed to Herrick and also a release by all the judgment creditors of their liens upon the hotel property, conditioned upon Herrick's carrying out his contract of exchange. Herrick declined these tenders both of the deed and of the release.

In August 1877 the hotel property was sold under the Bishop judgment and the whole proceeds thereof applied on account of the several liens against the premises.

Plaintiff requested the court to charge, inter alia,

1. That if Herrick, after the exchange of the lands in question, put Bonner into possession of the farm agreeably to the terms of the contract, and if Herrick afterward took possession thereof by force, fraud or collusion with Bonner's tenant, and without tendering a reconveyance or notice of rescission, Bonner is entitled to recover in this case without performing or tendering further performance on his part.

Answer. We see no reason for answering the point as requested.

5. That the existence of judgment liens at the time of making the contract and exchange of the land in question constituted no grounds for the rescission of the contract on the part of Herrick if Bonner was able and willing at all times to procure their release and satisfaction; and that he was not bound to so remove them unless he was required to do so by a demand of the defendant for performance, and at the same time showing a readiness and willingness on his, the defendant's part, to comply with his covenants.

Answer. That we answer in the affirmative, and we say to you, that is not of itself, ground for rescission of contract. But if there were liens against the property, in the language of the defendant's point, "If at the time of making the contract, on May 4th 1876, judgments were recorded, liens upon the record, largely in excess of all the real estate of the plaintiff, and the same remained until after the bringing of this suit," the plaintiff is not entitled to the specific performance of the contract.

Defendants requested the court to charge, inter alia:

3. That the paper tendered to Charles A. Herrick by plaintiff August 10th 1877, is not a release of the hotel property from the lien of the judgments against Bonner, and Herrick was under no obligation to accept it or the deed tendered by the plaintiff. *Answer.* Affirmed.

5. That if, at the time of the making of the contract of May 4th 1876, there were judgments of record in this county, liens upon the hotel property, largely in excess of the value of all the real estate of the plaintiff, and that the same remained

[Bonner v. Herrick.]

until after the bringing of this suit, the plaintiff is not entitled to the specific performance of the contract sought in this action, and the verdict of the jury should be for the defendants. *Answer*. Answered in the affirmative.

The court charged, inter alia, as follows:

" This case is in a nutshell. If this contract was procured from Herrick through fraud, misrepresentation, or overreaching, in any or all the elements which are alleged to have been used, of such fraud or misrepresentation, the plaintiff cannot take any advantage, and he cannot call upon this court and jury to specifically perform this contract. If he did not use any fraud other than a commendation of the property, although the contract may be improvident, and Herrick may have made a bad bargain, nevertheless, we cannot help him, and we will specifically perform this contract by giving the plaintiff this property; hence your verdict would be for the plaintiff. . . . . [We know as a matter of fact from the vast number of witnesses brought here from Cambridge and Rockdale townships, and from the character of this litigation, that it would be undoubtedly productive of a great deal of neighborhood talk. One side would have their partisans, and the other their partisans. I do not say it occurred in this case, but possibly any animadversion against the character of the defendants for truth and veracity may have its origin in the neighborhood by the partisans of the plaintiff. I do not know that, but we say this attacking a man's character for truth and veracity coming upon the heels of a hotly contested litigation, although it is a makeweight for you it would have very little effect upon me in determining the position of the parties, when there is so much evidence in the case. Men get reputation from the malevolence of their neighbors, and from the partisanship. No one can tell how a reputation does arise. A dozen men might get in a neighborhood, decry a man among themselves, and each one of them come and say he had a bad reputation, and when called upon to specify they could name a half dozen or a dozen, and they might all be on the same stand. The law allows that as a makeweight. The oath of one party is against that of the other, and you have a right, and it is your duty to take into consideration the character of the witnesses. That is for you."]

Verdict and judgment for the defendants. Plaintiff thereupon took this writ of error, assigning for error the answers to the plaintiff's and defendant's points, and the portion of the charge above cited in brackets.

*W. R. Bole* (with whom were *C. R. Marsh* and *H. J. Humes*), for the plaintiff in error.—In order to set aside a written instrument on the ground of fraud, the evidence must be

[Bonner *v.* Herrick.]

clear, precise and indubitable: Stine *v.* Sherk, 1 W. & S. 195; Pennsylvania R. R. Co. *v.* Shay, 1 Norris 198; Cummins *v.* Hurlbutt, 11 Norris 165. The credibility of witnesses is peculiarly for the jury: Heister *v.* Lynch, 1 Yeates 108; Magehan *v.* Thompson, 9 W. & S. 54; Massey *v.* Buck, 1 Phila. 215. The remarks of the judge on this point were grossly improper: Burke *v.* Maxwell's Adm's, 31 P. F. Smith 139. Plaintiff, having tendered a complete release of all liens on the hotel property, is entitled to insist on performance of the contract: Davidson *v.* Moss, 5 How. (Miss.) 673; Townsend *v.* Champernown, 1 Y. & J. 447; Innis *v.* Campbell, 1 Rawle 373; Hampton *v.* Speckenagle, 9 S. & R. 212. A vendee once fairly in possession of land under articles of purchase, but ousted by illegal means, is entitled to recover in an action of ejectment, without bringing into court the balance of the purchase money due upon articles: D'Arras *v.* Keyser, 2 Casey 249; Wykoff *v.* Wykoff, 3 W. & S. 481.

*F. L. Blackmarr*, for the defendants in error.—The question of fraud, or no fraud, was properly and fairly left to to the jury. A court of chancery will never enforce specific performance where the title in question is not marketable, or where it would be contrary to good conscience to do so: Lauer *v.* Lee, 6 Wright, 171; Freetly *v.* Barnhart, 1 Smith 279; Ferguson's Appeal, 6 Smith 487, note; Herzberg *v.* Irwin, 11 Norris, 48. The present case is an ejectment to enforce specific performance, and is, therefore, governed by the same principles: Peebles *v.* Reading, 8 S. & R. 484; Tyson *v.* Passmore, 2 Barr 122; Brawdy *v.* Brawdy, 7 Barr 158; Greenlee *v.* Greenlee, 10 Harris 225; Dougan *v.* Blocher, 12 Harris 28; Piersoll *v.* Neill, 13 P. F. Smith 427; Church *v.* Ruland, 14 P. F. Smith 432; Patterson *v.* Martz, 8 Watts 379; Fratly *v.* Barnhart, 1 P. F. Smith 279; Miles *v.* Stevens, 3 Barr 37; Pennock *v.* Freeman, 1 Watts 401; Bishop *v.* Reed, 3 W. & S. 264; Henderson *v.* Hays, 2 Watts 148; Werkheiser *v.* Werkheiser, 3 Rawle 326; Hauberger *v.* Root, 5 Barr 112; Stickney *v.* Borman, 2 Barr 67; Miller et al. *v.* Henlan, 1 P. F. Smith 265; Prutzman *v.* Ferree, 10 Watts 143; Woods *v.* Lane, 2 S. & R. 53.

Mr. Justice MERCUR delivered the opinion of the court, January 3d 1882.

This action of ejectment was to enforce specific performance of contract. It is based on an agreement between the parties for an exchange of properties, in which the plaintiff was to take the farm of the defendant, and the latter the hotel property of the plaintiff; and the defendant was to pay the sum of $1,200,

[Bonner *v.* Herrick.]

as the agreed difference in value between the properties. Possession was taken by each party of the property he was entitled to have under the contract. Afterwards, the defendant, alleging fraud in obtaining the contract from him, and also the inability of the plaintiff to give him a title according to the agreement, claimed a right to rescind the same, and took possession of the farm. To recover possession the plaintiff brought this suit.

The defendant gave evidence tending to prove that he was induced to enter into the contract through representations of the plaintiff as to the value of the hotel and the receipts thereof, the size of the lot, and the amount of liens on the property, and that the representations were false, fraudulent and deceitful. The alleged fraudulent representations of the value, receipts and condition of the hotel and size of the lot were controverted. The conflicting evidence was fairly submitted to the jury, and they were correctly instructed as to the law applicable thereto. The evidence was, that the plaintiff represented the only lien on the property to be one of about $700 in favor of Mrs. Bishop; yet, the unquestioned evidence shows the liens thereon, in fact, were about $10,000. They were never removed by the plaintiff, so as to enable him to make " a good and sufficient deed " for the property, as he had agreed. He contends the defendant agreed to pay the Bishop judgment as part of the $1,200, or, if he did not so agree, he might have done it, and the same operated as a payment on the $1,200; and further, that he tendered to the defendant a conditional release of the lien of the other judgments. In answer to these contentions it may be said, the payment of the Bishop judgment would not protect the defendant, nor give him a good title to the hotel property. It would remain incumbered to the amount of $9,000. He, therefore, was not required to pay the Bishop judgment, nor would he have been safe in so doing while the larger liens remained. After waiting ten months, and the liens not being removed, the defendant elected to rescind the contract, moved out of the hotel, and out on to his farm. Some five months thereafter, and on the day before the hotel was to be sold on the Bishop judgment, the plaintiff did tender a conditional release of the lien of the other judgments. The release was too late in time, and insufficient in form. The defendant, after giving the plaintiff ample time to remove the liens, had not only elected to rescind, but had given up possession of the hotel property, and it was just on the eve of being sold by the sheriff. The paper tendered was not an absolute release of liens by the other judgment creditors. It was conditional on the defendant complying with his contract. This was a condition precedent which the plaintiff had no right to require. The obligation rested on him to first put himself in condition to fulfill his part of the agreement

3 OUTERBRIDGE.—15

[Chase, to use *a*. Hubbard.]

before he could require the defendant to perform the other part. Nothing less than an absolute and unconditional release of the other liens would fully protect the defendant. He was not obliged to accept the proposition of third parties and a contingent risk of litigation with them. No sufficient release of the liens was executed. The court correctly held, if these liens of record were largely in excess of the value of the real estate of the plaintiff, and so remained when suit was brought, the plaintiff was not in condition to enforce specific performance of the contract.

It is not error for the court to comment on the evidence, nor to express an opinion on the weight thereof, if the facts are left to the jury. In calling their attention to the evidence affecting the credibility of the defendant the court commented on it with some freedom; yet, it was careful to say to them that it was all for their consideration.

We deem it unnecessary to discuss all the specifications in detail. We discover no error calling for reversal in any of them. The charge, as a whole, was a clear and correct presentation of the case.

Judgment affirmed.