137      7<br>32 SC  <sup>o</sup>342

## JOHN BOYD v. NICHOLAS McCULLOUGH.

APPEAL BY DEFENDANT'S ADMRS. FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 13, 1890—Decided October 6, 1890.
[To be reported.]

1. When there is no evidence of fraud, misrepresentation, or concealment on the part of the vendor, the constructive notice which the record of a judgment lien, standing in the line of the vendor's title, gives to the vendee, is as effective as actual notice: Kuhn's App., 2 Pa. 264; Stephen's App., 87 Pa. 202.

2. If the purchase money due and owing from a vendee by articles is sufficient to satisfy such an encumbrance, he may so apply it; but if, neglecting so to do, he suffer a sheriff's sale of the property to take place under the encumbrance, he cannot complain of the loss of what he has paid on the contract.

3. If, at such a sheriff's sale, the equitable vendee becomes the purchaser, he will remain liable on his contract for the residue of the purchase money; but his liability to his vendor, after a sale to a stranger, would depend upon whether the purchase money in his hands, due and unpaid, was sufficient to extinguish the encumbrance.

4. When the encumbrance is in excess of the purchase money unpaid, the vendor must remove it before he can enforce the contract otherwise than by ejectment; and if, without having tendered performance of the contract, he suffers his vendee to be evicted under such encumbrance, he cannot collect the residue of the purchase money.

5. The vendee in such case, however, cannot recover back what he has paid on the contract with the record open before him, if he himself was

## Statement of Facts.

in default at the time of the sheriff's sale, as no implication of a promise to re-pay the money could arise, except upon full compliance with the contract.

6. When the time for payment of the purchase money and for delivery of the deed has passed without performance, or tender thereof, by either party, the time for performance becomes indefinite, and whichever of the parties first desires to enforce the contract, he must perform or offer to perform his part of it, as a condition precedent.

7. In the absence of fraud, and as a general rule, when a contract contains concurrent conditions, or mutual and dependent covenants, an offer of performance or readiness to perform, by one party, must be shown, before he can charge the other with a breach; and without a breach there can be no ground for rescission of the contract.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 369 January Term 1890, Sup. Ct.; court below, No. 191 September Term 1887, C. P.

On July 20, 1887, Dr. John Boyd brought debt against Nicholas McCullough to recover back $811, paid by the plaintiff to the defendant upon an article of agreement for the purchase of real estate, with interest thereon. On March 26, 1888, judgment was entered for the plaintiff, for want of a sufficient affidavit of defence. On a writ of error to No. 10 July Term 1888, Sup. Ct., this judgment was reversed and a procedendo awarded: McCullough v. Boyd, 120 Pa. 552. The defendant then pleaded, inter alia, nil debet and the statute of limitations, but before trial, both the plaintiff and the defendant died, and Clara B. Johnson, administratrix of Dr. Boyd's estate was substituted as plaintiff, and R. F. Hopwood and Sybil C. McCullough, administrators of the defendant's estate, were substituted in his place in the action.

At the trial on February 19, 1890, the following facts were shown :

On June 10, 1873, Nicholas McCullough sold to Dr. Boyd, by written agreement,* a tract of land in Wharton township containing 256 acres. The purchase money, which was $1,350, was payable by the terms of the agreement in instalments maturing at intervals between July 10, 1873, and September 1, 1874, and "on the full payment of the purchase money with

---

*Found at length in McCullough v. Boyd, 120 Pa. 552.

interest that may accrue," McCullough was to convey the land to Boyd by "a good lawful warranty deed." Boyd made payments on the article at different times, the last of them on April 13, 1874, the total amount paid to that time being $811, which was less than the aggregate of the matured instalments. As early as March, 1874, he took possession of the land.

At the date of the article of agreement there were standing upon the record certain judgments against Matthew G. McGregor, which were liens upon the tract purchased by Boyd and also upon an adjoining tract owned by McCullough, both tracts having been the property of McGregor at the time when the judgments were recovered. Their amounts aggregated over $1,500. In December, 1874, the judgments were revived with notice to Boyd as terre-tenant. In 1876, the 256 acre tract was sold and conveyed by the sheriff, under those judgments, to Joseph S. Haymaker.

Having shown the foregoing facts, the plaintiff rested. A motion for a compulsory nonsuit having been refused, the defendants called Thomas McCullough, who testified in substance that Nicholas McCullough was worth at least $2,000 on September 1, 1874, and for some time after that. The testimony was then closed.

The court, INGHRAM, P. J., charged the jury in part as follows :

[ It is claimed by the plaintiff, in this case, that before all the purchase money became due, Dr. Boyd ascertained in some way,—before all the purchase money became due, and after $800 had been paid,—it is claimed that Dr. Boyd learned in some way that there were judgments standing against this land which were liens against the land at the time he purchased and at the times these payments were made, far in excess, as it is claimed, of the amount then remaining due from Dr. Boyd to Nicholas McCullough;] [8] and it is claimed that no further money was then paid by Dr. Boyd to Nicholas McCullough until 1876, and that after proper proceedings the property was sold as the property of a man by the name of McGregor to a man by the name of Haymaker. The sheriff executed a deed after the sale, and Dr. Boyd either delivered up or was ousted of the possession of the property ; and this suit has been

Charge of Court below.

brought by Dr. John Boyd against Nicholas McCullough, or McCullough's administrators, to recover back the amount of purchase money which he has paid under this agreement. You have heard the testimony upon the one side and the other, and there seems to be very little dispute about it.

It is claimed on the part of the plaintiff that the judgments were liens upon this land at the time of the sale by McCullough to Boyd; that McCullough knew of the existence of these liens, and that Boyd was ignorant of their existence. [It is claimed that Boyd paid the amount he did pay to McCullough, in ignorance of the fact that there were liens on the land at the time, and it is claimed that when he did discover that. the judgments were there, that he then refused to pay any more money upon them; ] [9] and [it is claimed on the part of the plaintiff that it was the duty of Nicholas McCullough to remove these liens, they being in excess of the amount then due from Dr. Boyd to McCullough, and that having failed to do so, Dr. Boyd had a right to refuse to pay anything more until they were paid. ][10] And it is claimed that McCullough allowed the. property to be sold, and that the plaintiff now has a right to recover back from his estate the amount paid under that agreement.

On the part of the defendants, the matters, claimed by the plaintiff here, in the main are not disputed. . . . . but the defendants deny the right of the plaintiff to recover in this action. upon two grounds: One is, that he has never placed himself in a position to require, or where he could ask or require McCullough to execute a deed for the property; that he permitted the time for the payment of the purchase money to pass, without tendering the purchase money and demanding a deed, and that having done so, he is not now in a position to ask for a rescission of the contract and the refunding of the money already paid. And another position of the defendants is, that McCullough was abundantly able, at the time the purchase money fell due, to have paid off the liens on the land and to have relieved it therefrom, and to have executed and delivered a proper deed, had the plaintiff here, Dr. John Boyd, tendered the purchase money, or paid it in accordance with the terms of the agreement. The defendants further claim that this matter was allowed to stand by the plaintiff for more than six

Charge of Court below.

years after his right of action accrued, and that having done so, the statute of limitations is a bar to any recovery, now, upon the part of the plaintiff in this action, and that your verdict should be for the defendants.

We have been requested, gentlemen of the jury, by the parties, to give you some instructions upon the points which we will now read to you, and our answers thereto will convey to you any other instructions which we may wish to give you in the case.

On the part of the defendants we have been requested to instruct you:

1. The testimony of the plaintiff having failed to show that the plaintiff's decedent had performed his covenants in the agreement, and no sufficient excuse for non-performance, the plaintiff is not entitled to recover.

Answer: That point is refused, under the evidence.[2]

2. More than six years having elapsed from the time that it is claimed the contract for the sale of the land was rescinded until the bringing of this suit, the plaintiff is not entitled to recover.

Answer: Refused.[3]

3. That, under all the testimony, the plaintiff is not entitled to recover.

Answer: Refused.[4]

4. If the jury find from the testimony that Nicholas McCulough was able when the last payment became due on the agreement to make a deed clear of encumbrances, and that his ability to do so continued until the sale by the sheriff in 1876, the plaintiff is not entitled to recover.

Answer: Refused.[5]

Upon the part of the plaintiff we are requested to instruct you:

1. That, under all the evidence in this case, the plaintiff is entitled to recover the amount of money paid by the plaintiff's intestate to the defendants' testator under the article of agreement of June 10, 1873, with interest on the several items of payment from the times they were paid.

Answer: Under the view we take, gentlemen of the jury, of the law as applicable to the facts of this case, we are of the opinion that that point is correct and should be affirmed;[6] and

we instruct you that, [under the evidence in this case, the plaintiff is entitled to recover the amount of the purchase money he has already paid, with interest upon the different items of payment from the time they were paid down to the present time, and for that amount the prothonotary, with your consent, will take your verdict.] [7]

The jury accordingly rendered a verdict for the plaintiff for $1,614.95. Judgment having been entered thereon, the defendants took this appeal, assigning for error:

2–5. The answers to defendants ' points.[2 to 5]

6. The answer to plaintiffs' point.[6]

7–10. The parts of the charge embraced in [ ] [7 to 10]

*Mr. A. D. Boyd* (with him *Mr. R. E. Umbel*), for the appellants:

1. Under the contract between McCullough and Boyd, payment or tender of the purchase money by the latter, was a condition precedent to a right of action against McCullough: McCullough v. Boyd, 120 Pa. 552. The parties having allowed the time for performance of the contract to pass, without insisting on it, whichever party first desired to enforce performance was bound to regard his part of the contract as a condition precedent, and tender performance thereof: Irvin v. Bleakley, 67 Pa. 24; Borrell v. Dewart, 37 Pa. 134; Henry v. Raiman, 25 Pa. 354; Hutchinson v. Boggs, 28 Pa. 294; Adams v. Williams, 2 W. & S. 227; Wright v. Smyth, 4 W. & S. 527; Bredin v. Agnew, 3 W. & S. 300. McCullough was not bound to remove these liens, when he did not know whether Boyd would complete his contract: Irvin v. Bleakley, supra; Hampton v. Speckenagle, 9 S. & R. 212.

2. It was not shown that Boyd entered into the contract in ignorance of the existence of the liens. He is chargeable with knowledge of them, and is presumed to have learned of them by examination: Hottenstein v. Lerch, 104 Pa. 454; Sailor v. Hertzog, 4 Wh. 259. Even if he did not know of them, and should claim that they were fraudulently concealed from him, he could not rescind and recover back the payments made by him, without tendering a re-conveyance: Pearsoll v. Chapin, 44 Pa. 9; Staines v. Shore, 16 Pa. 200; Oriental Bank v.

Haskins, 3 Metc. 337; Thurston v. Blanchard, 22 Pick. 18; Perley v. Balch, 23 Pick. 283; Halbrook v. Burt, 22 Pick. 546; Thayer v. Turner, 8 Metc. 550; Martin v. Roberts, 5 Cush. 126; Conner v. Henderson, 15 Mass. 319. And he must act promptly; by undue delay he waives his right to rescind: Davis v. Stuard, 99 Pa. 295; Morgan v. McKee, 77 Pa. 228; Pearsoll v. Chapin, 44 Pa. 9; Negley v. Lindsay, 67 Pa. 217; Leaming v. Wise, 73 Pa. 173. The instructions embraced in the ninth and tenth assignments were not justified by any evidence in the case.

*Mr. Edward Campbell* (with him *Mr. H. F. Detwiler*), for the appellee:

1. A purchaser of land is entitled to an estate free from encumbrances: Sugden on Vendors, 317; 2 Hilliard on Vendors, 147; Magaw v. Lothrop, 4 W. & S. 316; Withers v. Baird, 7 W. 227; Erwin v. Myers, 46 Pa. 106. A purchaser may always pay off a lien and retain its amount out of money due the vendor: Poke v. Kelly, 13 S. & R. 165; Tod v. Gallagher, 16 S. & R. 263. If the liens exceed the purchase money, as was the case in this instance, the consideration of the contract altogether fails: McGinnis v. Noble, 7 W. & S. 454; and the vendee may treat the contract as rescinded: Feay v. Decamp, 15 S. & R. 229; Garrett v. Crosson, 32 Pa. 375; may resist the payment of any more to the vendor, and may recover back what he has paid: Tod v. Gallagher, 16 S. & R. 261; Wilson v. Cochran, 46 Pa. 229.

2. While a sheriff's sale under an encumbrance older than the contract of sale, extinguishes the equitable estate of the vendee, equity will keep the covenants afoot, and an action by the vendee will lie thereon afterwards: Garrard v. Lantz, 12 Pa. 186; Mellon's App., 32 Pa. 128; Garrett v. Crosson, 32 Pa. 373. The vendee may affirm the contract and bring an action for its non-performance, or may rescind it and bring an action for money had and received: Feay v. Decamp, 15 S. & R. 230. McCullough's duty was to apprise Boyd of his inability to make a good title, restore what had been paid, and demand the possession of the land: Gans v. Renshaw, 2 Pa. 36; Amer. L. Ins. Co. v. McAden, 109 Pa. 403. Boyd was under no obligation to pay McCullough, because of the liens;

nor was he bound to pay the liens, not having in his hands sufficient purchase money: Dentler v. Brown, 11 Pa. 295; Steinhauer v. Witman, 1 S. & R. 438; Roland v. Miller, 3 W. & S. 390; Wilson's App., 109 Pa. 608; Burke v. Gummey, 49 Pa. 518.

3. This action is sustainable, although neither party was ready to complete the contract at the stipulated time: 2 Warvelle on Vendors, 941; Boston v. Clifford, 68 Ill. 67; Wilhelm v. Fimple, 31 Iowa 131 (7 Am. Rep. 117); Beaman v. Simmons, 76 N. C. 43. And the measure of damages here is the amount paid to McCullough, with interest from the time of payment: Mitchell on Contracts for Sale of Land, 75; Flureau v. Thornhill, 2 W. Bl. 1078; Bitner v. Brough, 11 Pa. 139; Dumars v. Miller, 34 Pa. 319; Bowser v. Cessna, 62 Pa. 148;. Milligan v. Dick, 107 Pa. 259; Thompson v. Sheplar, 72 Pa. 160; 2 Warvelle on Vendors, 884, 996; Bryant v. Boothe, 30 Ala. 311 (68 Am. Dec. 117); Coffman v. Huck, 19 Mo. 435; Patrick v. Roach, 21 Tex. 251; Beecher v. Baldum, 55 Conn. 419; Norton v. Babcock, 2 Metc. 510; Richardson v. Kuhn, 6 W. 299; Walker v. France, 112 Pa. 210; Erwin v. Myers, 46 Pa. 96. As McCullough failed to make a title, he can claim nothing for Boyd's occupancy of the land: Bardsley's App., 20 W. N. 90.

OPINION, MR. JUSTICE CLARK:

On the 10th of June, 1873, Nicholas McCullough, by articles of agreement, sold to Dr. John Boyd in fee a certain tract of land in Wharton township, Fayette county, containing 256 acres, the consideration being $1,350, payable, $100 in thirty days; $600 January 1, 1874; $200 April 1, 1874; $200 July 1, 1874; and $250 on September 1, 1874. The deed was to be made on full payment of the purchase money. Several payments were made upon the purchase money, at various dates between the date of the agreement and April 13, 1874, amounting in the aggregate to $811. But no payments were at any time thereafter made.

It appears that, at the time of the contract, there were judgment liens upon the land in the name of McGregor, who was McCullough's predecessor in title, to the amount of $1,700 or $1,800. These liens covered, not only the lands in question,

but also other lands which McGregor had previously conveyed to McCullough. Dr. Boyd took possession in March, 1874, and made payments as stated. There is no evidence that Boyd had any actual notice of the existence of these judgments at the time of his purchase; but the record of the judgments themselves, found in the line of his vendor's title, were constructive notice to him, which, under the proofs in this case, was equally as effective as actual notice: Kuhn's App., 2 Pa. 264; Stephen's App., 87 Pa. 202. There is no evidence of fraud or unfairness, or of concealment or of misrepresentation; for anything that appears, the parties acted in good faith, with knowledge of all the facts.

For some reason, Dr. Boyd ceased to pay the purchase money: he paid none after the 13th of April, 1874; it may be, as suggested by the plaintiff, that his failure was attributable to his discovery of the existence of these liens; but, whether he ceased to pay because of the encumbrances, or for want of ability to pay, or for some other reason, does not appear. In the year 1876, the other lands of McCullough already referred to were sold upon foreclosure of the mortgage thereon; the tract of 256 acres was seized and sold at sheriff's sale, in satisfaction of the judgments mentioned, and the plaintiff was evicted by the purchaser. This suit is brought to recover back the $811 paid upon the contract, as upon a rescission thereof.

If the purchase money due and owing by Boyd had been sufficient, or more than sufficient, to satisfy the encumbrances, that would have been a proper application of the money; and, if he had failed so to apply it, and suffered a sheriff's sale of his property, he would certainly have no equity to complain of the loss of what he had paid. If he had become the purchaser at the sale, under such circumstances, he would have remained liable to McCullough for the residue of the purchase money on the footing of his contract; even if a stranger had become the purchaser, Boyd's liability would have depended upon the inquiry whether or not, at the time of the sale, he had in his hands, of the purchase money due and unpaid, a sum sufficient to extinguish the encumbrances: Garrard v. Lantz, 12 Pa. 192. But the amount of the encumbrances against the land in the name of McCullough, was considerably in excess of the purchase money unpaid, and, as it was McCullough's duty to remove

Opinion of the Court.

them, he could not enforce the contract, or the payment of the purchase money, excepting by ejectment, until he had removed them. He did not tender a deed in compliance with his contract, and, therefore, Boyd was not liable upon the contract after his eviction.

It does not follow, however, that Boyd has a right of action to recover back what he had paid; this depends upon other considerations, to which we will now refer. It will be observed that, at the time of the sheriff's sale, Boyd was himself in default. The purchase money was all due, and a large amount thereof was unpaid. His payments had been made with the record open before him, and no implication of a promise to repay the money could arise, except upon full compliance with his contract. He had not demanded his deed, nor is it shown that he was ready and willing to pay, at any time, the amount in arrears. It was in his power, notwithstanding the encumbrances, to tender performance, and thus restore himself from the effect of his default in payment of the purchase money. McCullough, upon payment of the purchase money, was certainly bound to remove the encumbrances, and if the tender or offer of the money had been coupled with a demand to that effect, he might have done so. But non constat that Boyd would perform his contract; he may, from insolvency or other cause, have been wholly unable to pay it, in which case, notwithstanding the encumbrances, his equity was liable to be defeated, and his money lost. In order, therefore, to rid himself from the consequences of his own default, it was his duty to tender or offer a performance, and to demand his deed; having done this he would now stand upon a full compliance with his contract, and would have a clear right to recover for the consequences of McCullough's default. The time for payment of the purchase money and for the delivery of the deed having passed, without any payment of the money or any offer of payment, and without any tender of a deed or demand for the money, the time for performance became indefinite, but mutual and dependent whenever it should occur. Whichever of the parties first desired to enforce the performance was bound to regard his part of the contract as a condition precedent, and to perform, or to offer performance, in order to enable him to enforce the contract: Irvin v. Bleakley, 67 Pa. 24.

In the case cited this court said: " The vendee must tender the unpaid purchase money, as a general thing, whether he wishes to rescind or to enforce the agreement; this results from the principle that a party, himself in default, has no right to insist on rescission while in default: 2 Parsons on Cont., 5th ed, 679." Referring to the encumbrances which, in that case, were less than the purchase money due and unpaid, the court further say : " This was no ground for a rescission ; they had the means in their own hands to pay the judgments, if the defendant did not satisfy them. He was not bound, however, to remove them, unless he was put upon doing so by the demand of the plaintiffs for performance, and at the same time showing a readiness and a willingness on their part to comply with their covenants. This they did not do. Why should the defendant have removed these liens in consideration of the plaintiffs, without knowing whether they were going to complete the contract on their part? While they did nothing towards that end, their existence did not hurt them: Hampton v. Speckenagle, 9 S. & R. 212." This case was followed by Hatton v. Johnson, 83 Pa. 219, where the same principle is distinctly recognized. In Stephen's Appeal, supra, a contract for the exchange of lands had been duly executed by the delivery of conveyances : the land conveyed by Emerick was encumbered by mortgage, to the amount of $4,100, or thereabouts: $1,334 of the amount Mrs. Stephen had agreed to pay; Emerick was to pay the residue ; but neither of them paid any part of the mortgage. On a bill in equity by Mrs. Stephen, in which she was joined by her husband, for a rescission and re-conveyance, it was held that she had no equity to ask for a rescission whilst she was herself in default. " The appellants," said this court, " had no right to ask for a rescission on the ground of encumbrance, unless they first discharged, or showed a willingness to discharge that portion of the encumbrance obligatory on them;" citing Irvin v. Bleakley, supra.

In all these cases, as well as in the case in hand, it will be observed the element of fraud is wanting ; where fraud exists, the rule does not apply : Bonner v. Herrick, 99 Pa. 220. But the general rule is, that, in the case of a contract containing concurrent conditions, or mutual and dependent covenants, either an offer of performance or of readiness to perform, by

Statement of Facts.

ono party, must be shown before he can charge the other with a breach, and without a breach, of course, there can be no ground for rescission. As this view of the case is fatal to the plaintiff's recovery, it is unnecessary to consider the effect of the plea, of the statute of limitations, or any other question raised in the assignments of error.

The judgment is reversed.