## Mamolen v. Mamolen

*Nathan W. Stuart,* for plaintiffs.

*Sidney A. Simon,* for defendants.

WILLIAMS, P. J., March 14, 1956 — On March 7, 1947, Claribel Mamolen executed a mortgage to Robert and Eleanor G. Mamolen, his wife, which mortgage was recorded in the office of the Recorder of Deeds of Lycoming County on March 24, 1947.

On March 7, 1947, the property covered by this mortgage was conveyed to Hyman S. Mamolen.

On June 1, 1950, an agreement was made to convey the property covered in the mortgage to Paul Sherman Eck and Kathryn Gertrude Eck, his wife, and in 1953, another agreement reconveyed the property to Hyman S. Mamolen and to defendant, Fannie Sandy Mamolen, Hyman's wife.

Plaintiffs, Robert Mamolen and Eleanor G. Mamolen, have begun foreclosure proceedings. An answer to these proceedings, and including new matter, has been filed by defendant, Fannie Sandy Mamolen. Plaintiffs now move for judgment on the pleadings.

Defendant claims that there was fraud in the original mortgage transaction, that the mortgage was false and fraudulent in its conception and was given without any consideration, that the mortgage was executed and delivered in the furtherance of a conspiracy between the mortgagor and the mortgagees to defraud Hyman S. Mamolen, or in the alternative to defraud the mortgagors of Hyman S. Mamolen.

Defendant proceeds further, however, in her allegations of new matter, and declares that the legal title was originally held in the name of the mortgagor, Claribel Mamolen, daughter of Hyman S. Mamolen, under an understanding that the equitable ownership was in Hyman S. Mamolen. She alleges that the original purpose of having the legal title in Claribel Mamolen was to have the real estate free of any debts of the said Hyman S. Mamolen.

According to defendant's own pleadings the entire transaction was fraudulent. She was not married to Hyman S. Mamolen at that time, but her husband, according to her allegations, was a leading party in the fraud. Inasmuch as she takes under him, she cannot now take advantage of any fraud. A fraudulent grantor or his privies cannot enforce a promise of conveyance: Eaves v. Snyder, 368 Pa. 459. Nor can they dispute an alleged fraudulent mortgage.

She pleads further, however, that she was not advised of the existence of the mortgage and that as a result she invested her personal funds in the properties.

The mortgage in question was recorded and the record of the mortgage was constructive notice to her equally as effective as actual notice: Appeal of Stephen, 87 Pa. 202; Beckman v. Altoona Trust Co., 332 Pa. 545.

### Order

And now, March 14, 1956, judgment is entered for plaintiffs in the amount of $9,477.30, with interest from August 3, 1955.