## Kuhn v. Skelley, Appellant.

*Vendor and vendee—Contract—Time as essence of contract—Waiver— Payment—Costs—Specific performance—Equity.*

Where an owner sells land under articles in which time is made the essence of the contract as to deferred installments, and thereafter, at a time when there was a default, conveys the land to another person, and the grantee notifies the purchaser to pay the installments to him, and accepts seven installments, he cannot subsequently declare a forfeiture for the prior default. In such a case if a bill in equity is filed by the purchaser against the grantee for specific performance and it appears that the conveyance would have been made if there had not been a dispute as to the balance due, and the court decides in favor of the defendant's con-

tention as to the amount due, all of the costs should be imposed upon the plaintiff.

Argued April 12, 1904. Appeal, No. 3, April T., 1904, by defendant, from decree of C. P. No. 1, Allegheny Co., Dec. T., 1902, No. 422, on bill in equity in case of C. L. Kuhn v. James M. Skelley. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for specific performance.
The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*J. Charles Dicken,* for appellant, cited: Piatt v. Vattier, 34 U. S. 405; Evans v. Fries, 9 W. N. C. 462; Axford v. Thomas, 160 Pa. 8; Becker v. Smith, 59 Pa. 469; Han v. Suravitz, 148 Pa. 202; Cleminger v. Gas Co., 159 Pa. 16; Gas Co. v. George, 161 Pa. 47; Neill v. Peale, 4 Atl. Repr. 830; McClintock v. Oil Co., 146 Pa. 144; Wolf v. Guffey, 161 Pa. 276.

*J. McF. Carpenter,* with him *Chauncey Lobingier,* for appellee, cited: Forsyth v. Oil Co., 53 Pa. 168; Irwin v. Bleakley, 67 Pa. 24; Eberz v. Heisler, 12 Pa. Superior Ct. 388; Hatton v. Johnson, 83 Pa. 219; Thompson v. Christie, 138 Pa. 230; Williams v. Thomas et al., 7 Kulp, 371; Holt's Appeal, 98 Pa. 257; Boyd v. McCullough, 137 Pa. 7; Tiernan v. Roland, 15 Pa. 429.

OPINION BY BEAVER, J., May 10, 1904:

Whether defendant was a member of the firm of George S. Martin & Company; whether he had knowledge of the agreement between said firm and the plaintiff for the sale of the lots on Lemington square; whether he purchased said lots subject to the plaintiff's rights therein, and whether there was in the agreement of sale a right of forfeiture capable of enforcement are questions now immaterial.

After defendant received his deed from George S. Martin & Company, he notified plaintiff, under date of May 1, 1895: "You are hereby notified that the Lemington square property

has been aparted and divided between and among the owners thereof, and that lots forty-eight and forty-nine which you are purchasing under article of agreement is now owned in severalty by me, and that said articles of agreement and all moneys due, or that may become due thereon, have been transferred and assigned to me, and you are hereby notified and directed to make any and all payments thereon directly to me, the owner thereof, and to no one else." This notice was followed by at least seven different payments, made at different times by plaintiff to defendant, on account of purchase money, interest and taxes, aggregating at least $243.29 up to and including December 1, 1896.

This notice and the receipt of these payments were entirely inconsistent with an intention by the defendant to forfeit the plaintiff's rights in the lots purchased from George S. Martin & Company under articles of agreement.

Clearly, under those circumstances, equity required a conveyance by defendant to plaintiff of the legal title to the lots in question, upon the payment of the balance of purchase money. Such a conveyance would doubtless have been made without resort to the present proceeding, except for the fact that a dispute arose as to the amount of said balance.

Although time was declared to be of the essence of the original agreement entered into by the plaintiffs with George S. Martin & Company, the latter, after allowing the time for payment to pass, could not rescind the contract and declare the plaintiff's right forfeited without reasonable notice of their intention. As for the defendant, all his dealings with the plaintiff were utterly at variance with any intention to rescind : Forsyth v. North American Oil Co., 53 Pa. 168 ; Irvin v. Bleakley, 67 Pa. 24 ; Holt's Appeal, 98 Pa. 257.

The decree of the court below as to specific performance was clearly justified, but, inasmuch as the defendant's contention as to the amount of purchase money due was practically sustained, we do not think any of the costs should have been visited upon him. They should be paid by the plaintiff, and the decree of the court below is to that extent modified.

As so modified, the decree is affirmed and the appeal dismissed ; and, inasmuch as we have not sustained his main contention, it is done at the costs of the appellant.