## Hausman *v.* Johnson, Appellant.

*Vendor and vendee—Incumbrance—Ground rent—Proceedings to extinguish.*

Where articles of agreement for the sale of land provide for a settlement within sixty days, and that the premises shall be conveyed clear of incumbrance, and after the expiration of the sixty days, it is discovered for the first time by both parties that there was against the premises an unextinguished ground rent dated May 1, 1764, upon which no payment had been made for over fifty-five years, and it appears that the vendor at once instituted proceedings to extinguish the ground rent of record, and offered to indemnify the purchaser against loss, it is error for the court to enter judgment against the vendor for the hand money paid and the costs incurred.

Argued Oct. 5, 1906. Appeal, No. 58, Oct. T., 1906, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1905, No. 3,250, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Sophie Hausman v. Helen S. Johnson. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for the return of purchase money paid on account of real estate and for the expenses of searches.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Samuel H. Kirkpatrick*, with him *Ralph N. Kellam*, for appellant.—The ground rent was not a valid charge which rendered the appellant's title to the land unmarketable: Korn v.

Browne, 64 Pa. 55; Biddle v. Hoover, 120 Pa. 221; Wallace v. Fourth U. P. Church, 152 Pa. 258.

A title is marketable which depends on adverse possession or the statute of limitation if it clearly appear that the entry of the real owner is barred: Pratt v. Eby, 67 Pa. 396; Shober v. Dutton, 6 Phila. 185; Dallmeyer v. Ferguson, 198 Pa. 288.

A vendor is not bound to remove incumbrances until the vendee demands performance of the contract, and a vendee cannot insist upon rescission on the ground of incumbrances when he owes unpaid purchase money sufficient to discharge them: Irvin v. Bleakley, 67 Pa. 24; Hatton v. Johnson, 83 Pa. 219; Forsyth v. North American Oil Co., 53 Pa. 168.

The vendor being bound to remove incumbrances only when the vendee shows a readiness to perform his part, is always entitled to such reasonable time as is necessary to remove them: Parrish v. Koons, 1 Parsons, 78; Boyd v. McCullough, 137 Pa. 7.

*Max Herzberg,* for appellee.—The appellee being ready to perform and the appellant being in default, she had a right to rescind and recover the money paid; there was no necessity for a tender of the purchase price: Eberz v. Heisler, 12 Pa. Superior Ct. 388; Zents v. Legnard, 70 Pa. 192; Wagenblast v. McKean, 2 Grant, 393; Williams v. Bentley, 27 Pa. 294; Henry v. Raiman, 25 Pa. 354.

The purchaser of land is entitled to receive a good title, and if the vendor offers instead one that is incumbered with liens or otherwise defective, the vendee is entitled to rescind the executory agreement: Moore v. Shelly, 2 Watts, 256.

A ground rent is an incumbrance under the law of Pennsylvania and if not extinguished of record affects the marketability of the title: Muirhead v. Clabby, 7 Phila. 345.

Nor is a purchaser bound to take subject to a ground rent and deduct from the purchase price the value of such ground rent: McCarthy v. Winslow, 1 Weekly Notes of Cases, 515; Gans v. Renshaw, 2 Pa. 34; Simpson v. Broomall, 1 Del. Co. Rep. 229.

OPINION BY ORLADY, J., February 25, 1907:

The plaintiff and defendant, on September 25, 1905, entered

into an agreement in writing for the sale and purchase of two parcels of real estate for the sum of $3,800. The sum of $50.00 was paid at the execution of the agreement, and payment of the balance was provided for through a settlement to be had within sixty days. This controversy arises over the concluding provisions of the agreement, viz: " The premises are to be conveyed clear of incumbrance. Possession is to be given by the existing monthly leases. The title is to be good and marketable." Upon a search of the title it was discovered that the premises were subject to a ground rent of one pound, seven shillings, reserved in a deed dated and recorded May 1, 1764, and which had never been extinguished of record. A title insurance and trust company, from which a title insurance had been sought by the plaintiff, held this to be a valid and existing incumbrance against the premises, and on account of its refusal to insure the title of the premises, clear of the ground rent incumbrance, the plaintiff on November 29 gave notice to the defendant that " the title was not good and marketable, and that the premises could not be conveyed clear of incumbrances." Twenty days later, no effort having been made to have the ground rent legally extinguished, she gave further notice that she desired the return of her purchase money and the costs expended by her and for which she was still liable.

This suit was brought to recover these items, and the court below made absolute a rule for judgment against the defendant for the sum of $50.00, for which amount the affidavit of defense filed was deemed to be insufficient. The affidavit of defense avers that the ground rent was reserved by Thomas Say upon a conveyance on May 1, 1764, but the last recorded owner of said rent was Bowyer Brooks, by a deed for the same dated October 29, 1765, and that there has been no conveyance or attempted conveyance of the same for over 140 years; and that there is no known present holder of said rent; that the premises were purchased by the grandfather of the defendant in 1850, and have been continuously in the ownership and possession of him and the affiant ever since; and that there has not been at any time within the last fifty-five years any payment, claim, demand, or acknowledgment of or for said rent; and further that she had (prior to February 13, 1906) applied to the court of common pleas, No. 4, of Philadelphia county,

for a decree of extinguishment of the said rent. The conten-
tion of the appellant being that under the facts as set out, the
ground rent had been extinguished by payment or presumption
of law, although no deed or release thereof appears of record;
and that it is irrecoverable, according to the terms of.the Act of
April 27, 1855, P. L. 368, the seventh section of which pro-
vides that: " In all cases where no payment, claim or demand
shall have been made on account of or for any ground rent,
annuity, or other charge upon real estate for twenty-one years,
or no declaration or acknowledgment of the existence thereof
shall have been made within that period by the owner of the
premises subject to such ground rent, annuity or charge, a re-
lease or extinguishment thereof shall be presumed, and such
ground rent, annuity or charge shall thereafter be irrecoverable.
The procedure to effect a final decree, declaring such a ground
rent to be released, merged, and forever extinguished, with the
same force and effect as a deed of extinguishment duly exe-
cuted by the real owner and duly recorded, is provided by the
Act of June 14, 1897, P. L. 149. The defendant further avers
that she tendered to the plaintiff a full indemnity against any
possibility of claim whatsoever on account of the ground rent
until such decree be entered. The question is thus narrowed
by the statement and affidavit to whether, under the facts stated,
and in regard to which there is no dispute, a release or extin-
guishment of the ground rent shall be presumed, and such
rent shall thereafter be irrecoverable, so as to make the title
of the premises clear of incumbrance, good and marketable.

By the agreement, as well as by the construction put upon
it by the parties, time was not of the essence of the contract.
The time for performance was fixed by the phrase " the balance
to be paid at the settlement which will take place within sixty
days. Sophia Hausman is given right to pay cash if desired."
No settlement was effected within the sixty days, and the
" plaintiff first became aware of the existing incumbrance "
after the expiration of the sixty days, and then gave the defend-
ant notice thereof.

In Boyd v. McCullough, 137 Pa. 7, it is held that " the time
for the payment of the purchase money and for the delivery of
the deed having passed without any payment of the money, or.
offer of payment, or without any tender of a deed or demand

for the money, the time for performance becomes indefinite, but mutual, and dependent whenever it should occur, and whichever of the parties first desired to enforce the performance of the contract was bound to perform his part of the contract as a condition precedent. Until the purchaser was ready to settle, the vendor was not bound to remove the incumbrance." But in this case neither party knew of the incumbrance until after the time fixed for the settlement, and when it was discovered it amounted to no more than a mere unsubstantial cloud upon the title, which presumptively at least, was deprived of all legal force and efficacy by an act of assembly. Conceding as we must that when a purchaser of land contracts for a good title to the land, he is entitled to receive it, and is not required to accept any, short of such a title; and that if the vendor offers a title that is incumbered with liens or otherwise defective, the vendee is entitled to rescind the executory agreement; and further that a ground rent as such is an incumbrance, which if not extinguished of record affects the marketability of the title. Yet, where that charge is so ancient as to be extinguished by payment or presumption of law, and presumably is made irrecoverable by an act of assembly, is it such a charge upon the premises to be conveyed as will justify the vendee in rescinding? It is certainly the policy of the law to enforce contracts fairly entered into rather than to permit their cancellation for trifling and unsubstantial reasons. The time for performance of the contract having passed by the consent of the parties, it followed that something further was to be done in the matter, and their inaction was a mutual waiver for strict performance. Inasmuch as the vendor promptly instituted the proceeding specially provided by the statute to relieve effectually this title from all lien of this ground rent which had been so long abandoned and unclaimed, without any payment, demand, or acknowledgment affecting it for at least more than fifty-five years, the court should have held that it was not such an incumbrance as justified the vendee in rescinding. The purchaser was not to take any risk, or have a doubtful title forced upon her, and the defendant avers her willingness and anxiety to perform her part. In view of the fact that the value of the rent if existing was but $72.00, or with the greatest recoverable arrears (twenty years) altogether $144, with unpaid purchase money due

$3,750, and that a voluntary indemnity had been offered for her protection, she should have been required to wait at least a reasonable time in order to have the decree entered in the proceeding to extinguish the ground rent of record, rather than have been permitted to rescind her contract. No default can be imputed to either party and neither could rescind without giving the other reasonable notice and opportunity to perform, the sufficiency of which is to be determined by the court: Hatton v. Johnson, 83 Pa. 219; Holt's Appeal, 98 Pa. 257; Davis v. Stuard, 99 Pa. 295.

In Eberz v. Heisler, 12 Pa. Superior Ct. 388, on which the appellee relies, the purchase money was $4,600, the liens athwart the title were judgments aggregating $19,000, and a ground rent of $228, which facts presented an entirely different proposition from the one before us now.

The judgment is reversed and a procedendo awarded.