# Burchfield, Appellant, *v.* Alpha Process Company.

*Contract—Time for performance—Waiver—Notice—Question for jury.*
  Where the time fixed by a contract within which the agreement is to be carried out is permitted to pass, both parties concurring, the time of performance thereafter becomes indefinite, and one party cannot rescind until full notice and a reasonable time for performance is given; what is a reasonable time is a question for the jury.

Argued Oct. 13, 1910. Appeal, No. 69, Oct. T., 1910, by plaintiff, from order of C. P. No. 2, Phila. Co., June Term, 1906, No. 2,007, refusing to take off nonsuit in case of Theodore T. Burchfield, trading as T. T. Burchfield Company, to the use of The Titusville Iron Company, v. Alpha Process Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Foreign attachment in assumpsit. Before BARRATT, J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*Frank B. Stockley,* with him *E. Cooper Shapley,* for appellant.—The question of reasonable time was for the jury: Holt's App., 98 Pa. 257; Irvin v. Bleakley, 67 Pa. 24; Hatton v. Johnson, 83 Pa. 219; Kuhn v. Skelley, 25 Pa. Superior Ct. 185; Hausman v. Johnson, 32 Pa. Superior Ct. 339; Shaw v. Lewistown Turnpike Co., 2 P. & W. 454; Norris v. Clark, 29 Pa. Superior Ct. 562; Preston v. Finney 2 W. & S. 53; Fessler v. Love, 43 Pa. 313.

*A. B. Repetto,* for appellee, cited: Gillespie Tool Co. v. Wilson, 123 Pa. 19; Norris v. Clark, 29 Pa. Superior Ct. 562; Hartman v. Meighan, 171 Pa. 46; Hartupee v. Pittsburg, 97 Pa. 107; Bryant v. Stilwell, 24 Pa. 314.

OPINION BY BEAVER, J., March 3, 1911:
The court below granted a nonsuit in this case for a

specific purpose.   The reasons were stated at the time the nonsuit was entered, the trial judge saying: "There is no doubt about the fact of a breach of the contract upon the part of the plaintiff in not delivering the engine in the time stipulated by the contract, nor is there any doubt about the fact that the defendant has a thousand-dollar boiler from the plaintiff which was delivered to him and which he is using, but for which he has not paid.   While it is conceded that this is an entire contract, and that there has not been complete performance, yet as a matter of justice between the parties the defendant should not be allowed to keep this boiler without paying for it; and on the other hand, even if there was a waiver upon the part of the defendant, it would not be a matter of justice to compel the defendant to pay the full amount of the value of the boiler, if, as he states, he was put to expense and to loss by reason of the breach of the contract upon the part of the plaintiff.   It is a matter particularly for settlement, and I grant the nonsuit for the purpose of giving the parties an opportunity to arrive at a settlement, as each has indicated a desire to adjust the differences in an amicable manner."

Inasmuch as the object for which the nonsuit was granted has not been reached and we are not informed as to the party upon whom the responsibility for failure rests, we are to take up the question involved in this case upon its merits.

The contract  upon which the action is founded was in writing, based upon an offer made by the plaintiffs and an acceptance in a single word "Accepted" by the defendant. The specifications contained in the offer provide for a governor wheel sixty inches in diameter and twelve inches face and a belt wheel sixty inches in diameter of twelve-inch face.   The only terms in the offer as to the time of delivery are in this clause: "Trusting that we may be favored with your order for this outfit, which can be shipped within twenty days, we are," etc.   It is to be noted that this expression does not convey an offer to deliver within

that time, nor does the acceptance fix a time for delivery. It is also to be noted that a change was made in the specifications by the defendant from a twelve-inch face belt wheel to one of fourteen inches face. This, as was shown, involved considerable time to change, a new pattern being necessary. It is evident that, even if we construe the agreement into a covenant to deliver within twenty days, that the change in the face of the belt wheel to fourteen inches would, of course, involve a change in the time of delivery. Did the plaintiffs make reasonable effort to meet the change requested by the defendant within a reasonable time? That, it seems to us, was a question for the jury. It is true the witness for the plaintiffs testified that this change might have been done in two weeks, but it is to be noted that the plaintiffs were not doing the work themselves, but had ordered the engine from another manufacturing concern. The time caused by the change was, therefore, simply the conjecture on the part of the witness.

The defendant countermanded the order peremptorily on May 4, in the following letter addressed to the plaintiffs: "Gentlemen: Inasmuch as you were unable to fill the contract with us, dated March 7, 1906, for one boiler and engine and connections and as we are suffering delay and heavy loss through non-delivery, we are compelled to purchase balance of undelivered goods elsewhere—which we will do today. The writer called on you yesterday and called up on the phone this morning and is unable to get any information other than that you had been there."

The testimony shows that, on the very day on which this letter was written, the engine was ready to be shipped. If reasonable notice had been given, even in advance of the letter, of the intention to countermand the order or cancel the contract, the probabilities are that the engine might have been shipped, so as to meet the requirements of the defendants; at least that would have been a question for the jury. What would have been reasonable notice? What would have been a reasonable time within which to deliver, in view of the change directed by the defendant,

were both questions upon which the jury should have been called to pass. Looking at the question, therefore, from the legal standpoint, we think the nonsuit should not have been granted, although for the purpose for which it was granted, it was apparently fair and intended to be equitable. The parties having failed to act upon the suggestion of the court, it is proper, therefore, that their rights be determined by a legal tribunal in a legal way.

We are by no means satisfied that the expression in the plaintiffs' offer "can be delivered within twenty days" and the word "Accepted" by the defendant, without specifying time for delivery, constitutes an express covenant as to the time within which the machinery was to be delivered; but, even if this were so, the time for the delivery of the engine was necessarily changed by the defendant by a change in the specifications relating to the band wheel from twelve inches to fourteen inches wide, which necessitated at least a recasting of the wheel, if not the making of a new pattern. The plaintiffs having acquiesced in this change, therefore, were not bound to deliver the engine at the same time as the boiler or within the time mentioned in its offer. It was, therefore, necessary in our view of the case, for the defendant to have given reasonable notice and fixed a reasonable time within which delivery was to be made. This was not done and, therefore, it had no right to rescind.

Innumerable authorities can be cited in support of this view of the case, but it is perhaps only necessary to mention Kuhn v. Skelley, 25 Pa. Superior Ct. 185; Hausman v. Johnson, 32 Pa. Superior Ct. 339; Hatton v. Johnson, 83 Pa. 219: "Where there has been indulgence on both sides, one party cannot suddenly rescind, without notice to the other:" Davis v. Stuard, 99 Pa. 295; Boyd v. McCullough, 137 Pa. 7.

Nor are we satisfied that, under the circumstances, this can be construed to be an entire contract. True it was such originally but it was changed by the act of the defendant, and, having received the boiler within the time

mentioned, assuming that the plaintiffs were bound to deliver within the twenty days mentioned, and having used it and walled it up in its permanent establishment, so that it could not be returned, it was impossible for the defendant to restore the status quo, as we think it was bound to do, and give notice, as above stated, before rescinding the entire contract. See authorities cited above.

For these reasons, and because of the questions necessarily to be found by the jury, it seems to us that the plaintiffs can maintain their action, and the amount to which they are entitled must be fixed by the jury, in view of the other questions necessarily to be determined by them.

Judgment reversed and a procedendo awarded.