## Gilbert v. Steinmetz.

*Practice, C. P.—Statement of claim—Affidavit of defence—Rescission of a contract for the sale of real estate.*

1. A statement of claim is always open to an attack when plaintiffs ask for judgment on the pleadings, and it must aver in clear and concise terms all the facts essential to support the judgment asked for.

2. Where the plaintiffs allege that they have rescinded a contract for the purchase of real estate, they must not be in default, and they must aver all the facts specifically, showing a full compliance with the contract.

3. Where the plaintiffs attempt to rescind a contract, they must restore the defendant to the position he was in before the contract was entered into, and must specifically surrender the property to the defendant.

4. In the absence of a special agreement, the vendor (defendant) is not entitled to rent from the vendee (plaintiffs) for the use and occupation of the premises prior to an attempted rescission of the contract, but there is nothing illegal in an agreement which stipulates that the vendor shall retain the moneys paid on account of a contract of purchase of land as rentals for the same.

*Assumpsit* to recover for moneys paid on account of contract of purchase of real estate. Rule for judgment for want of sufficient affidavit of defence. C. P. Northampton Co., Nov. T., 1926, No. 129.

*George W. Geiser, Jr.*, for plaintiffs; *Smith & Paff*, for defendants.

STEWART, P. J., March 7, 1927.—This is a rule for judgment for want of a sufficient affidavit of defence. The plaintiffs have assigned seven reasons why the rule should be made absolute, but the sum of the reasons is that the affidavit of defence is insufficient by reason of general denials and that it contains admissions of the vital points of plaintiffs' statement and sets up no facts as a defence. Defendant counters by alleging that the plaintiffs' statement is deficient and that it would not support a judgment. In the leading

Gilbert v. Steinmetz.

case of Parry v. First National Bank of Lansford, 270 Pa. 556, it was held: "A statement of claim itself is always open to attack when plaintiff asks for judgment on the pleadings. To entitle one to judgment for want of a sufficient affidavit of defence, his statement of claim must aver, in clear and concise terms, all facts essential to support the judgment asked; it must be such that judgment may be taken and liquidated upon data which it furnishes. . . . The filing of an affidavit of defence does not constitute a waiver of defendant's right subsequently to rely upon the insufficiency of plaintiff's statement of claim when the latter asks for judgment on the pleadings." Tested by the principles of that case, as well as many subsequent cases in which it was followed, we must examine plaintiffs' statement. It sets forth, in effect, that the plaintiffs and the defendant entered into a written contract on April 1, 1924, wherein the defendant agreed to sell the plaintiffs, free and clear of all encumbrances, a tract of land, designated as Nos. 356 and 357 on a certain plan of lots, for the sum of $4000; $50 to be paid upon the signing of the agreement, and thereafter the sum of $50 to be paid on the first day of each and every month. At the end of one year the interest was to be added to the principal, and from the principal and interest, payments made during the year were to be deducted and the balance was to form a new principal, and so to continue from year to year. Parties of the second part agreed to pay all expenses connected with the drawing and execution of the deed; also to keep the property in good order and repair. It then concluded: "In default of the said parties of the second part making said monthly payments each and every month and keeping the same in good order, it shall be at the option of the said party of the first part to declare this agreement terminated, after first giving thirty days' notice of their intention so to do, said notice to be delivered at the Dwelling House on premises and left with some one there. Upon the termination of this agreement by non-payments as aforesaid or a breach of any of the other covenants, the said parties of the second part shall waive all further notice and vacate the said premises within thirty days and all payments made shall be considered as rental for said premises for the time occupied." It also set forth that it was orally agreed that the said lots contained a frontage of sixty feet, and that, as a matter of fact, a dwelling-house "in the possession of one Hugh J. Hughes extends into and upon said lot No. 357 for a distance of eighteen feet," and that by reason of said encroachment, defendant was not able to convey the lots with the sixty feet frontage as agreed. It set forth various payments under the agreement and payments of taxes, insurance, water rents, repairs, &c., and that, on Friday, Oct. 1, 1926, plaintiffs tendered to defendant the sum of $3056.26 and demanded a deed for the premises, and that on said day plaintiffs rescinded the written contract and demanded repayment of the various sums of money which they expended. These various expenditures are carefully itemized in the statement. Having in mind the $50 down-money that was to be paid at the time the agreement was entered into and calculating the various payments due Oct. 1, 1926, it would seem as if the plaintiffs were short $50 in the sum that was due from them to the defendant on that date. Certainly there is no averment that they tendered the defendant the cost of drawing and executing the deed, nor do we find in the statement any general expression that they have in all respects complied with the terms of the contract, or words to that effect. The tender of this amount under the contract was incumbent on the plaintiffs and we can find no reference to it in the statement. That the amount is significant, see Shamlian et al. v. Waxman, 80 Pa. Superior Ct. 73. It is also to be observed that the statement nowhere sets out that the plaintiffs surrendered the premises to the

Gilbert v. Steinmetz.

defendant, nor does it aver that they served any notice on the defendant of their intention to rescind the contract. The record shows this suit was commenced on Oct. 14, 1926. The statement does not show when the property was vacated by the plaintiffs, but the affidavit of defence states that they continued to occupy the premises after the institution of the suit up until Oct. 30, 1926. That the plaintiff must not be in default was held in many cases. In Irvin v. Bleakley, 67 Pa. 24, the syllabus is: "A party in default has no right to insist upon rescission. A vendee cannot insist upon a rescission on the ground of encumbrances when he owes unpaid purchase money sufficient to discharge them. A vendor is not bound to remove encumbrances unless upon demand of the vendee for performance, and at the same time showing a readiness to perform his part." See, also, Boyd v. McCullough, 137 Pa. 7, and Sanders v. Brock, 230 Pa. 609. In Holt's Appeal, 98 Pa. 257, the syllabus is: "Where articles of agreement are entered into for the sale of land, the purchase money to be secured and the deed to be executed and delivered within a fixed time, the vendees are not entitled, after having allowed more than the fixed period to elapse, to make such tender and demand, and, on the vendor's failing to execute and deliver the deed at once, to rescind the contract. The vendees must, in such case, give the vendors full notice of their intention, and cannot rescind until after the expiration of a reasonable time for performance." See page 270 for a discussion by Mr. Justice Gordon as to the effect of continued occupancy of the premises and the obligation to give a reasonable time to the defendant. In Burchfield v. Alpha Process Co., 45 Pa. Superior Ct. 254, which was a contract for the delivery of an engine, the syllabus is: "Where the time fixed by a contract within which the agreement is to be carried out is permitted to pass, both parties concurring, the time of performance thereafter becomes indefinite, and one party cannot rescind until full notice and a reasonable time for performance is given; what is a reasonable time is a question for the jury." That case was referred to in Young v. U. S. Housing Corporation of Penna., 86 Pa. Superior Ct. 341, a case similar to the present one. It was there held: "In an action to recover money paid on account on the sale of real estate, it is error to direct a verdict for the plaintiff where the evidence fails to establish that the vendee, before attempting to rescind the contract, placed the vendor in the same position he was before the sale. In such action the very first thing to be done, after showing that the plaintiff parted with a valuable consideration in pursuance of the contract alleged, is to show that the plaintiff has rescinded the contract by doing or offering to do all that was necessary and reasonably possible to restore the parties to the condition in which they were before the contract, and then show that he had good ground to rescind it. This is the order demanded by the very nature of the action. Where one has agreed to purchase certain real estate from a 'selling agent,' and has entered into possession and granted a lease thereon, he cannot rescind and at the same time retain possession. Possession cannot be delivered to persons who had no authority to accept the rescission of the contract. Under such circumstances, plaintiff's case fails for want of an offer to restore the status quo, and there can be no recovery." It would thus seem to be a serious matter whether, under the above authorities, plaintiffs are entitled to recover, and, as we are at present advised, we would not enter a judgment on the statement. However, the statement of claim avers as a ground for rescission the encroachment of another building on the premises agreed to be conveyed. It is true that the affidavit of defence, in paragraph after paragraph, is subject to the criticism that it does not conform to the rules laid down in the leading case

Gilbert v. Steinmetz.

of Buehler v. U. S. Fashion Plate Co., 269 Pa. 428. Nevertheless, it is not deficient with reference to the crucial matter in dispute. The issue must be confined to that alleged encumbrance: Haney v. Hatfield, 241 Pa. 413. The fourth paragraph of the statement alleges an oral agreement that the total frontage was to be sixty feet. That oral agreement is denied in the affidavit of defence. The seventh, eighth, ninth and tenth paragraphs of the statement contain the averments with reference to the double house erected on the eighteen feet, and the latter paragraph contains the averment that the defendant is unable to convey this property. The eighth, ninth and tenth paragraphs of the affidavit of defence, while admitting the erection of the building and the possession of the building, nevertheless aver that the title to the lots on which the building is at all times and is at the time of the execution of the agreement in the defendant. That averment sets up a matter of fact, which we must assume to be true, and that fact, together with the denial of any oral agreement, must be determined by a jury. The criticism of the learned counsel for the plaintiffs is well founded that many of the expressions in the affidavit of defence are too general. For illustration, take the twenty-seventh: "That the defendant avers that the said plaintiffs did not perform the terms and conditions of the agreement marked Exhibit 'A' of the plaintiffs' statement of claim." The twenty-eighth and twenty-ninth paragraphs are to the same effect. Good pleading requires that the matters which the defendant alleges the plaintiffs had defaulted in should be set out specifically.

On the argument, it was stated that the defendant claimed the various sums mentioned in the statement as payments on the principal as rental, and that the denial of liability was based on the last clauses of the contract quoted in full above. It seems to be the law that the defendant herein could not compel the plaintiff to pay rent, and that he could not set off the sums paid to be considered as rent in the absence of an agreement: Bardsley's Appeal, 20 W. N. C. 90; but it is equally well settled that the vendor and the vendee can enter into an agreement such as the one in suit, by which the vendee will lose all claim to moneys paid on account of the contract and the vendor can hold them as rental: Vito v. Birkel, 209 Pa. 206; Weaver v. Griffith, 210 Pa. 13; Cape May Real Estate Co. v. Henderson, 231 Pa. 82. We find no unequivocal statement in the affidavit of defence that the defendant herein, at the time when the plaintiffs tendered the balance which the plaintiffs thought was due to the defendant, declared that he claimed the moneys paid as rental; nor do we find any such claim made prior to the affidavit of defence averred in it. The above authorities seem to require such a declaration to be made. Query: Did the rescission of the plaintiffs relieve the defendant from stating his position with respect to the money paid? What was the reason the defendant did not accept the tender and notify the plaintiffs that he would have the Hughes house removed from the lot? These inquiries naturally present themselves to our mind and will present questions to be determined on the trial. On the argument, the learned counsel for the defendant asked leave to amend his affidavit of defence by inserting a counter-claim based on the allegation that the plaintiffs had left the premises in bad repair when they vacated. We declined to consider this matter as the record stands. There are far too many questions already involved without adding another complexity based upon an oral application.

And now, March 7, 1927, rule for judgment for want of a sufficient affidavit of defence is discharged.

From Henry D. Maxwell, Easton, Pa.